

# In the District Court of the United States
## for the District of Oregon

### Civil Action in Admiralty No. 08CV-1072-HU

### Certification of Exigent Circumstances Requiring Order for Arrest Warrants *in personam*

Pursuant to Rule C(3)(a)(ii)(B) the **unlawful inland seizure / piracy** and willful oppression of private property identified as 18675 Southwest Kinnaman Road, Aloha, Oregon under color of commercial claim # C081086EV coupled with willful refusal to voluntarily comply with Plaintiffs' Injunction to cease and desist in unlawful restraint of the liberty and peaceful enjoyment of the Plaintiffs' private property after receipt of proper notice of remedial action having been initiated in this court under civil action Admiralty Case No. **08CV-1072-HU, exigent circumstances exist which make the district court process of review impracticable.**

**Therefore:**

> "If the plaintiff or plaintiff's attorney certifies that exigent circumstances make court review impracticable, the clerk must promptly issue a summons and a warrant for the arrest of the vessel or other property that is the subject of the action. The plaintiff has the burden in any post arrest hearing under Rule E(4)(f) to show that the exigent circumstances existed." Rule C(3)(a)(ii)(B) – Supplemental Rules for Certain Admiralty and Maritime Claims

And it is clear that the named Respondents and named co-conspirators, respectively are subject to the stipulation that *in rem* property seizure may easily extend to **arrest *in personam*:**

> "Except as otherwise provided by law a party who may proceed *in rem* may also, or in the alternative, proceed *in personam* against any person who may be liable." Same Rule C.

Libelee(s) / Respondent(s) are unregistered agent(s) of the International Monetary Fund — METRO and therefore no exemptions or immunities exist preventing immediate arrest by United States Marshal. The United Nations and its organ I.M.F. have never been approved to operate in this Land pursuant to Title 22 of the United States Codes but these agents enforce false claims of the I.M.F. The stipulation quoted below cannot apply (by substituting *in personam* for *in rem*) to an agent of a foreign principal:

> "Statutory provisions exempting vessels or other property owned or possessed by or operated by or for the United States from arrest or seizure are not affected by this rule."
> Same Rule C.

Therefore the Clerk of the district court, **Sheryl S. McConnell** must faithfully perform her fiduciary Duty and issue Arrest Warrant(s) for Libelee(s) / Respondent(s) and named associating Parties; address respectively and tender the annexed warrant(s) to the United States Marshal for immediate execution. Regular business hours are the best time for execution of arrest because the physical addresses listed on Page 26 of the **Libel in Review - Counterclaim and Injunction in Admiralty** filed of record September 15, A. D. 2008 are the known workplaces of the named entities and individuals who are the subject of this order.

*(signature)*
..........................................
**Corinna-Bridgett**, *suae potestas esse*,
Plaintiff individually, and as Agent for Plaintiff Salal Park, Inc.,
an Oregon non-profit corporation
c/o 18675 Southwest Kinnaman Road,
Aloha (07), Oregon, United States of America
ZIP Exempt (per USPS D.M.M., Section 122.32)
non-domestic mail