HARDY MYERS
Attorney General
ELIZABETH C. BRODEEN  #08275
Assistant Attorney General
JAMES S. SMITH #84093
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Elizabeth.C.Brodeen@doj.state.or.us
        James.S.Smith@doj.state.or.us

Attorneys for Defendants Hochman and Kohl

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CORINNA-BRIDGETT, in esse, individually; SALAL PARK, INC., an Oregon non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, N.A.; ROUTH CRABTREE OLSEN, P.C.; ALAN H. FISHMAN; TERESA M. SHILL; NANCY E. HOCHMAN; THOMAS W. KOHL, and ROB GORDON,<br><br>Defendants. | Case No. 3:08-cv-01072-HU<br><br>MEMORANDUM IN SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE MORE DEFINITE, OR ALTERNATIVELY, MOTION TO DISMISS |

Defendants Nancy E. Hochman, Washington County Circuit Pro Tempore Judge, and

Thomas W. Kohl, Washington County Circuit Judge, ("State Judge Defendants") respectfully

ask this Court to order Plaintiffs to replead their Complaint and make a more definite statement

under Federal Rule of Civil Procedure 12(e). In the alternative, State Judge Defendants ask this

Page 1 -    MEMORANDUM IN SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE
            MORE DEFINITE, OR ALTERNATIVELY, MOTION TO DISMISS
            ECB/cbh/1074102-v1

                        Department of Justice
                        1162 Court Street NE
                        Salem, OR 97301-4096
                    (503) 947-4700 / Fax: (503) 947-4791

Court to dismiss Plaintiffs' claims with prejudice for failure to state a claim and lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Plaintiffs fail to state a cognizable legal theory upon which relief could be granted. Additionally, this Court lacks subject matter jurisdiction over Plaintiffs' claims.

**FACTUAL BACKGROUND**

On June 12, 2008, Defendant Nancy E. Hochman ("Hochman"), a pro tem judge for Washington County Circuit Court, granted Washington Mutual Bank a Judgment of Restitution in a post-foreclosure eviction case for 18675 SW Kinnaman Road, Aloha, Oregon. Compl. Attach. 4. The occupants of that address included Corinna Oleson, who has filed this action under her first and middle name, Corinna-Bridgett. *Id.* Plaintiff Corinna-Bridgett is the president of Plaintiff Salal Park, Inc. which is headquartered at the Kinnaman Road property. Compl. Attach. 2. From Plaintiffs' pleadings, it appears that as of September 10, 2008 Plaintiffs had yet to vacate the premises. Compl. Attach. 3. It is unclear from the documents submitted by Plaintiffs if Plaintiffs have acted in accordance with the two notices of restitution they have received and vacated the Kinnaman Road property, although Plaintiffs may be leasing the property from the bank. *Id.*; Compl. ¶ 26.

Plaintiffs filed this action *pro se* on September 15, 2008 by submitting a "Libel in Review: Counterclaim and Injunction in Admiralty" (hereinafter, "Complaint"). Although it is not entirely obvious from Plaintiffs' Complaint, it appears that Plaintiffs are alleging that their property was wrongfully taken from them in the foreclosure and eviction proceedings. From Plaintiffs' Complaint it does not appear that Defendant Thomas W. Kohl ("Kohl") had any involvement in the proceedings. The remedies Plaintiffs seek include: returning the property to them, removing any liens against them, an injunction against State Judge Defendants from contacting Plaintiff Corinna-Bridgett, an injunction releasing the claims against them, and the arrest of State Judge Defendants. Compl. ¶¶ 34, 36, 38, 39, & 40. State Judge Defendants do

Page 2 -   MEMORANDUM IN SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE
          MORE DEFINITE, OR ALTERNATIVELY, MOTION TO DISMISS
          ECB/cbh/1074102-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

not accept the truth of Plaintiffs' allegations, but will not contest their accuracy for purposes of this Motion. It is important to reiterate that Plaintiffs are *pro se*.

## ARGUMENT

**A.    Plaintiffs should be required to provide a more definite statement.**

State Judge Defendants request that this Court direct Plaintiffs to make their pleading more definite pursuant to Federal Rule of Civil Procedure 12(e). A pleading is required to have "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). However, if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response," the party can make a motion for a more definite statement. Fed. R. Civ. P. 12(e). In general, when a plaintiff fails to comply with the requirements of Federal Rule of Civil Procedure 8 and submits a vague or confusing complaint, a court should grant a motion to make it more definite rather than dismissing the action. *De Witt v. Pail*, 366 F.2d 682, 685 (9th Cir. 1966). Here, Plaintiffs' Complaint is vague and confusing thus this Court should grant this motion to make it more definite.

Plaintiffs' Complaint contains no specific factual allegations against State Judge Defendants and it fails to expressly indicate what laws State Judge Defendants have violated. Instead, Plaintiffs' Complaint is filled with generalities and confusing lines of reasoning. It is impossible for State Judge Defendants to defend against Plaintiffs' Complaint currently because the nature of the claims and factual allegations are so vague and ambiguous. In order to make the Complaint more definite, Plaintiffs should be required to set out detailed accounts of acts performed by State Judge Defendants that give rise to their claims and to indicate exactly what those claims are.

If this Court declines to order Plaintiffs to replead and make more definite, then State Judge Defendants respectfully request that this Court dismiss Plaintiffs' Complaint for failure to

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

state a claim and lack of subject matter jurisdiction. The arguments that follow are based upon State Judge Defendants understanding of what Plaintiffs are trying to plead.

**B.    Alternatively, this Court should dismiss Plaintiffs' claims.**

      **1.    Standard of review.**

The Court's review of a motion to dismiss is limited to the face of the complaint, documents attached to the complaint, documents referenced by the complaint whose authenticity is not disputed, and matters of which the Court may take judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court is to construe allegations of a complaint in Plaintiff's favor when considering a motion to dismiss. *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). A complaint may dismissed pursuant to Rule 12(b)(6) "for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

      **2.    Plaintiffs fail to state a cognizable legal theory.**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted even under the less stringent *pro se* pleading standards. Although complaints filed *pro se* are held to less stringent standards than complaints drafted by attorneys, *pro se* plaintiffs must still allege, with some particularity, specific acts committed by the defendants that support their claims. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). *Pro se* complaints must comply with Federal Rule of Civil Procedure 8(a)(2) and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Marino*, 37 F.3d at 1357. A *pro se* plaintiff must, therefore, provide specific factual allegations supporting the essential elements of her claim. *See Ivey v. Bd of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Additionally, even with a *pro se* complaint, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" for failure to state a claim. *Id.*

Page 4 -    MEMORANDUM IN SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE
           MORE DEFINITE, OR ALTERNATIVELY, MOTION TO DISMISS
           ECB/cbh/1074102-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Plaintiffs' Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2) because it is neither "short" nor "plain." Although State Judge Defendants believe they have correctly characterized Plaintiffs' Complaint, it is possible that Plaintiffs intend a different understanding of their Complaint. In their 33-page complaint, Plaintiffs address various topics including the United Nations, INTERPOL, treason, the Savings to Suitors clause, admiralty law, and constitutional rights. All of the topics seem tied to the allegation that the State Judge Defendants improperly allowed foreclosure on her property because banks are a legal fiction. This assertion is not supported by any valid authority in the Complaint. The length of Plaintiffs' Complaint does not disguise its failure to state any facts upon which any recognized legal theory would provide for relief. Plaintiffs' Complaint does not provide State Judge Defendants with "fair notice" and fails to state any claims upon which relief can be granted, as will be demonstrated below.

Plaintiffs raise unsupported allegations of "treason," "conspiracy," and "attempted theft" against these judicial officers, however Plaintiffs assert no facts to support these allegations. Plaintiffs appear to allege that Defendant Judges committed treason and conspiracy by finding in favor of Plaintiffs' opposing party in the foreclosure action. Compl. ¶ 30. Plaintiffs allege that State Judge Defendants "have each caused commercial Harm [sic] to Corinna-Bridgett and Salal Park, Inc., through attempted theft of their private property" by issuing the judgment and the notices of restitution. Compl. ¶ 26. In short, Plaintiffs' Complaint consists of conclusory and unsupported allegations against State Judge Defendants. Plaintiffs allege no specific conduct on the part of Defendants Hochman or Kohl that is actionable under state or federal law. Because Plaintiffs' claims against State Judge Defendants are conclusory at best, this Court should dismiss the claims with prejudice.

Furthermore, it is unclear how Plaintiffs can establish a valid legal claim against either of the State Judge Defendants based upon the allegations made in the Complaint about the status of the various parties. The logic of Plaintiffs is almost impossible to follow. Plaintiff Corinna-

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Bridgett is suing claiming her rights were violated, but she will not even acknowledge that she is a legal person for purposes of legal proceedings. As mentioned above, Plaintiffs appear to argue that banks are illegal institutions, thus, a mortgage cannot be properly foreclosed by the courts. Also, Plaintiffs seem to indicate that the laws of the United States are not relevant here not only because Plaintiff Corinna-Bridgett claims to be "a responsible asylum state" but also because Plaintiffs cite the "Supreme Law" and Bible several times. Compl. ¶¶ 22 & 42. Plaintiffs cannot seek to recover under a legal theory which does not recognize legal existence of the very entities they seek to sue. Additionally, Plaintiffs' requested relief is not one that can be granted by the Court. State Judge Defendants are not aware of any basis that would allow this Court in a civil proceeding to issue arrest warrants for State Judge Defendants.

Plaintiffs' claims should be dismissed for failure to state a cognizable legal theory in accordance with the reasons explained above.

### 3.    The Court should not grant Plaintiffs leave to amend their Complaint because any amendments to the Complaint would be futile.

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts, however, do not allow "'futile amendments.'" *Jones*, 733 F.2d at 650 (quoting *Klamath-Lake Pharm. Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)). A proposed amendment is considered futile "'if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Courts may, therefore, dismiss an insufficient complaint where "'it is clear the deficiency cannot be overcome by amendment.'" *Jones*, 733 F.2d at 650 (quoting *May Dept. Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980)). For example, the district court in *Klamath-Lake Pharmaceutical Association v. Klamath Medical Services Bureau* denied a motion to amend the

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

complaint because it believed that the amendment could not impact the outcome of the case and the Ninth Circuit agreed with the district court's assessment. 701 F.2d at 1293.

As will be discussed below, the fact that Plaintiffs' claims are closely intertwined with a pending state court case prevents Plaintiffs from bringing claims for injunctive relief in federal court. Additionally, Eleventh Amendment sovereign immunity bars any claims against State Judge Defendants based on the underlying acts identified by Plaintiffs. Also, this Court lacks subject matter jurisdiction over Plaintiffs claims. No amendment by Plaintiffs will remedy the deficiency of their complaint. Therefore, State Judge Defendants request that the Court dismiss Plaintiffs' claims against State Judge Defendants without leave to amend.

### 4.   Plaintiffs fail to state a civil rights claim.

Although Plaintiffs contend their Complaint is rooted in admiralty, it is, if analogous to any recognized cause of action, closer to a claim under 42 U.S.C. Section 1983. Even if construed as a Section 1983 claim, Plaintiffs' claim must fail. They have identified no legal authority supporting their assertion that the foreclosure action was improper or that the imposition of the notice of restitution violates any constitutional rights. The vague and conclusory allegations of the type set forth throughout Plaintiffs' Complaint are insufficient to state a claim under Section 1983.

Though Plaintiffs fail to cite 42 U.S.C. § 1983 in their Complaint, they do allege that the State Judge Defendants violated their constitutional rights. Compl. ¶¶ 1 & 25. It is important to note that only Plaintiff Corinna-Bridgett could potentially bring a Section 1983 claim as Plaintiff Salal Park, Inc. would be barred because corporations are not entitled to the privileges and immunities of the Constitution as secured by the Fourteenth Amendment, thus corporations may not bring Section 1983 claims. *Hague v. Committee for Indus. Organization*, 307 U.S. 496, 514 (1939). Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage of any State…subjects, or causes to be subjected, any citizen…to the

Page 7 -   MEMORANDUM IN SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE MORE DEFINITE, OR ALTERNATIVELY, MOTION TO DISMISS
ECB/cbh/1074102-v1

> deprivation of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.

42 U.S.C. § 1983 (1996). If Plaintiffs are attempting to assert a civil rights claim pursuant to

Section 1983 they must allege: "(1) whether the conduct complained of was committed by a

person acting under color of state law; and (2) whether this conduct deprived a person of rights,

privileges, or immunities secured by the Constitution or laws of the United States." *Parrat v.

Taylor*, 451 U.S. 527, 535 (1980) (overruled on other grounds by *Daniels v. Williams*, 474 U.S.

327, 330—31 (1986)).

Plaintiffs have failed to meet either of these requirements. None of Plaintiffs' claims

indicate whether the conduct of State Judge Defendants was under the color of law or whether

their conduct deprived Plaintiffs of rights, privileges, or immunities secured by the Constitution.

The closest Plaintiffs come to doing this is when they argue that Plaintiff Salal Park has a

constitutional right to own private property and Plaintiff Corinna-Bridgett was denied due

process of law when she was foreclosed upon. Compl. ¶¶ 1 & 20. However, the former

assertion is not a constitutionally protected right and, as mentioned above, Plaintiff Salal Park,

Inc. may not bring a Section 1983 claim. Regardless, neither allegation is supported by any

factual allegations.

Plaintiffs' assertions concerning State Judge Defendants are merely conclusions and

speculation. An allegation of a constitutional violation must be supported by facts. *See Mosher

v. Saalfeld,* 589 F.2d 438, 441—42 (9th Cir. 1978), *cert den* 442 US 941 (1979). Plaintiffs make

a blanket assertion that State Judge Defendants violated Article I Section 10 of the Constitution

and Plaintiffs' due process rights. Compl. ¶¶ 1 & 25. Article I Section 10 deals with limits on

states, in particular it prohibits states from: entering into treaties, making money, taxing imports

and exports, and entering into war. U.S. Const. Art. I Sec. 10. Plaintiffs have not indicated how

exactly State Judge Defendants violated this provision. Additionally, Plaintiffs have not

Page 8 -   MEMORANDUM IN SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE
           MORE DEFINITE, OR ALTERNATIVELY, MOTION TO DISMISS
           ECB/cbh/1074102-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

provided any facts to demonstrate how State Judge Defendants allegedly violated Plaintiff Corinna-Bridgett's due process rights.

Plaintiffs have alleged no specific conduct by State Judge Defendants that is actionable under state or federal law. Because Plaintiffs' claims against these defendants are conclusory at best, this court should dismiss Plaintiffs' complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 5.  Eleventh Amendment sovereign immunity bars Plaintiff's claims against State Judge Defendants.

Eleventh Amendment sovereign immunity prevents the suit Plaintiffs are potentially attempting to bring under Section 1983. The Eleventh Amendment to the United States Constitution provides that the judicial power of the United States, otherwise defined in Article III, "shall not be construed to extend to any suit in law or equity, commenced or prosecuted" against a state. U.S. Const. amend. XI. The Eleventh Amendment bars citizens from bringing suit in federal court against a state unless that immunity is expressly waived by the state or abrogated by Congress. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). The Supreme Court has also indicated that Eleventh Amendment sovereign immunity applies to an action brought by a state's own citizens. *Pennhurst State Sch. & Hosp. v. Halerman*, 465 U.S. 89, 100 (1984) (citing *Employees v. Missouri Dept. of Public Health & Welfare*, 411 U.S. 279, 294 (1973)). Therefore, Plaintiff Corinna-Bridgett's status as an Oregonian does not convey a right to bring suit against the judges of the State of Oregon in federal court.

Under the "arm of the state" doctrine, a state entity and its officers in their official capacities share the state's sovereign immunity because "'the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'" *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1423 (9th Cir 1991) (quoting *Ford Motor Co. v. Dep't of Treas.*, 323 U.S. 459, 464 (1945)) (alteration in the original). A suit against a state officer in his official capacity is effectively

Page 9 -   MEMORANDUM IN SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE MORE DEFINITE, OR ALTERNATIVELY, MOTION TO DISMISS
ECB/cbh/1074102-v1

considered a suit against the official's office, and therefore, it "is no different than a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiffs have named two judges their suit. The two judges are state officers and, from the Complaint, it is clear Plaintiffs are suing them in their official capacity. Therefore, this suit is no different than a suit against the State of Oregon and, accordingly, State Judge Defendants share in the State of Oregon's sovereign immunity because the State of Oregon is the real, substantial party in interest. State Defendants have not expressly consented to Plaintiff's suit. Additionally, it is well-settled that Congress did not abrogate sovereign immunity under 42 U.S.C. § 1983. *Will*, 491 U.S. at 70. Thus, Eleventh Amendment sovereign immunity completely bars Plaintiffs' suit if they are trying to bring a Section 1983 claim.

### 6.  Plaintiffs' claims for injunctive relief are barred because the claims are linked to a pending state court case.

State Judge Defendants are entitled to have the claims for injunctive relief dismissed because they are inextricably linked to the state court foreclosure and eviction judgment which is still pending. From Plaintiffs' Complaint it appears that the foreclosure and eviction proceedings are not yet complete, thus this Court may not issue any injunctive relief in accordance with the Anti-Injunction Act. Under this Act, federal courts may not "grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2000). According to the Supreme Court, the reasoning behind the statute is to allow state court proceedings "to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, et al.*, 398 U.S. 281, 287 (1970). In accord with that underlying policy, if there are any uncertainties about whether a federal injunction against state court actions, the federal court should resolve those uncertainties in favor of allowing the state courts to proceed and make a final determination of the action. *Id.* at 297.

Page 10 -  MEMORANDUM IN SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE
MORE DEFINITE, OR ALTERNATIVELY, MOTION TO DISMISS
ECB/cbh/1074102-v1

This statute does not apply to Section 1983 claims because they are expressly excepted. *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). Because Plaintiffs did not state a civil rights claim, as shown above, this exception is not relevant here.

Here, it seems the state court proceedings in relation to Plaintiffs' foreclosure and eviction action are still pending and all of Plaintiffs' claims against State Judge Defendants arise out of that particular action. Also, Plaintiffs have not indicated that one of the exceptions to the Anti-Injunction Act applies to this situation and, in fact, no exceptions are applicable here. Therefore, this Court is unable to grant the relief requested in agreement with the Anti-Injunction Act. This Court should allow the Washington County Circuit Court to enter all final judgments in the case and then Plaintiffs should seek recourse within the state court system through the appellate process. This Court should dismiss Plaintiffs' injunctive relief claims as a result under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

### 7.      Subject-matter jurisdiction in this Court is improper.

Plaintiff provides no basis for this Court's exercise of subject matter jurisdiction. As a threshold matter, a federal court has no power to hear any action absent authority. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of overcoming the presumption that jurisdiction does not exist, rests with the asserting party. *Id.* Plaintiffs must therefore establish that their action arises under the Constitution, laws, or treaties of the United States to have the federal question jurisdiction they allege. *See* 28 U.S.C. § 1331 (2000); Compl. ¶ 20. Because Plaintiffs are nondiverse parties, jurisdiction under 28 U.S.C. Section 1332 is improper. The Constitution extends federal judicial power to "all Cases of admiralty and maritime jurisdiction." U.S. Const. art III, § 2.

The Complaint asserts that "[t]his is an admiralty/maritime cause of action within the meaning of this Admiralty Court's FRCP, Rule 9(h)." Compl. ¶ 4. Perhaps alternatively, Plaintiffs further asserts subject-matter jurisdiction based on their contention that "[Defendants] and their agents/employees/officers are directed by the Governor of the . . . International

Page 11 -  MEMORANDUM IN SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE
      MORE DEFINITE, OR ALTERNATIVELY, MOTION TO DISMISS
      ECB/cbh/1074102-v1

Monetary Fund . . . a.k.a. Secretary of the Treasury, Henry M. Paulson, Junior . . . Alien

Custodian for Prize and Booty, and are acting as foreign agents of their principal." Compl. ¶ 8.

Plaintiffs' allegations do not establish the propriety of federal subject-matter jurisdiction.

Accordingly, State Judge Defendants respectfully asks that Plaintiffs' Complaint be dismissed

with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

### a.    This action is not subject to admiralty or maritime jurisdiction.

The Supreme Court long ago explained that to invoke admiralty jurisdiction "the wrong

and injury complained of must have been committed wholly upon the high seas or navigable

waters, or, at least, the substance and consummation of the same must have taken place upon

these waters..." *The Plymouth*, 70 U.S. 20, 34—35 (1866). The Court provided a modern

understanding of that principle by indicating that a nexus between alleged wrongs and navigable

waters is not necessarily dispositive, however, there does need to be some "relationship of the

wrong to traditional maritime activity." *Executive Jet Aviation v. City of Cleveland*, 409 U.S.

249, 261 (1972). Even under this more nuanced understanding, however, Plaintiffs have no basis

for federal admiralty jurisdiction. A foreclosure and eviction action of real property and any

judicial measures taken during that action are not even tangentially related to maritime activity.

In a more recent case, the Supreme Court held that admiralty jurisdiction does not exist

unless an incident (1) has occurred on navigable waters of the United States; (2) poses a potential

hazard to commercial maritime activity; and (3) is substantially related to traditional maritime

activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 533 (1995).

Plaintiffs provide no facts even suggesting that their Complaint concerns or involves their

interaction with any waters of the United States, navigable or otherwise. Neither do they state

any fact suggesting that whatever harm they claim to have suffered involves any traditional

maritime activity, such as operating or maintaining a vessel. This Complaint simply has nothing

to do with admiralty.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CONCLUSION

This Court should order Plaintiffs to replead with specificity to facilitate a responsive pleading by State Judge Defendants. Alternatively, this Court should dismiss Plaintiffs' Complaint. Plaintiffs have failed to state a cognizable legal theory in their Complaint. This deficiency cannot be cured by amendment. Plaintiffs have failed to state a civil rights claim and even if they did it would be barred by sovereign immunity. The injunctive relief Plaintiffs seeks is barred by federal statute. Also, this Court lacks subject matter jurisdiction over this claim. As such, Plaintiffs claims against State Judge Defendants should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b).

DATED this 16th day of October, 2008.

Respectfully submitted,

HARDY MYERS
Attorney General


ELIZABETH C. BRODEEN #08275
Assistant Attorney General
JAMES S. SMITH #84093
Senior Assistant Attorney General
Trial Attorneys
Elizabeth.C.Brodeen@doj.state.or.us
James.S.Smith@doj.state.or.us
Of Attorneys for Defendants Nancy E. Hochman
and Thomas W. Kohl

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CERTIFICATE OF SERVICE

I certify that on October 16, 2008, I served the foregoing MEMORANDUM IN

SUPPORT OF STATE JUDGE DEFENDANTS' MOTION TO MAKE MORE DEFINITE, OR

ALTERNATIVELY, MOTION TO DISMISS upon the parties hereto by the method indicated

below, and addressed to the following:

Corinna-Bridgett
and Salal Park, Inc.
c/o 18675 Southwest Kinnaman Road
Aloha, Oregon  97007-2464
     Plaintiff Pro Se

___ HAND DELIVERY
_X_ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL
___ E-FILE


ELIZABETH C. BRODEEN #08275
Assistant Attorney General
JAMES S. SMITH #84093
Senior Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Elizabeth.C.Brodeen@doj.state.or.us
James.S.Smith@doj.state.or.us
Of Attorneys for Defendants Hochman and
    Kohl

Page 1 -   CERTIFICATE OF SERVICE
     ECB/cbh/1068702-v1