Teresa M. Shill, OSB # 031680
E-Mail: tshill@rcflegal.com
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
Phone: (503) 977-7926
Fax: (503) 977-7963
Attorney For Defendant: Alan H. Fishman.

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| CORINNA-BRIDGETT, *in esse*, individually, and as Agent for and on behalf of SALAL PARK, INC., an Oregon non-profit corporation<br><br>                    Plaintiffs<br>    v.<br><br>WASHINGTON MUTUAL BANK, N.A.; ROUTH CRABTREE OLSEN, P.C.: ALAN H. FISHMAN; TERESA M. SHILL; NANCY E. HOCHMAN; THOMAS W. KOHL; AND ROB GORDON,<br><br>                    Defendants. | Case No. 08CV-1072-HU<br><br>DEFENDANT ALAN H. FISHMAN'S FRCP 12 MOTIONS |

Defendant, Alan H. Fishman, moves the Court for an order dismissing plaintiffs', Corinna-Bridgett, individually, and as agent for and on behalf of Salal Park, Inc. (hereinafter referred to collectively as the "Plaintiffs"), pleading entitled "Libel In Review Counterclaim and Injunction – in Admiralty—filed as a "Complaint," thereby initiating this action.  Mr. Fishman files this motion to dismiss the Complaint pursuant to FRCP 12(b)(1), (2), (4), (5), and (6), and 12 (b)(f), for failure to comply with FRCP 3 and 9(h), and the doctrine of *Res Judicata*, and claim preclusion.  Pursuant to FRCP 7, LR 7.1, attorneys for Mr. Fishman have made a good faith effort to contact Plaintiffs to resolve the dispute and have been unable to do so.  Plaintiffs'

telephone number can not be determined. Plaintiffs have failed to provide a telephone number to counsel in the previous state court actions. Thus, counsel for Mr. Fishman mailed a letter to Plaintiffs last known addresses attempting to contact them. No response has been received.

These motions are supported by the Declaration of Alan H. Fishman (the "Fishman Dec.") and the Affidavit of Teresa M. Shill in Support of RCO Defendants' FRCP 12 Motions, and the exhibits therein attached, and previously filed in this matter on October 3, 2008 as docket number 8 and hereinafter referred to as the "Shill Aff."

## BRIEF STATEMENT OF FACTS:

<u>DEED OF TRUST:</u>  On or about October 25, 2005, Corinna Oleson, who has since referred to herself by the self-styled fictitious titles of Corinna-Bridgett, and/or Corinna-Bridgett [Family: Oleson], hereinafter referred to collectively as "Oleson," executed and delivered to and for the benefit of Long Beach Mortgage Company, a deed of trust encumbering the real property commonly known as 18675 Southwest Kinnaman Road, Aloha, Oregon (the "Property") and subject to Plaintiffs Complaint herein. The deed of trust was recorded on October 31, 2005, and is part of the public real property records of Washington County, as instrument number 2005-136321 (the "Deed of Trust").  A true and correct copy of the Deed of Trust is attached to the Shill Aff. as Ex. 1.

Defendant, Washington Mutual Bank, N.A. ("Washington Mutual") is the successor in interest to Long Beach Mortgage Company by merger and operation of law. Mr. Fishman succeeded Kerry Killinger as the corporate executive officer of Washington Mutual. His tenure was relatively brief and he is no longer employed by Washington Mutual.

BARGAIN AND SALE DEED TO SALAL PARK INC.:  In or about April 2007, Oleson, by way of a Bargain and Sale Deed, conveyed her interest in the Property to Salal Park, Inc. ("Salal Park") The Bargain and Sale Deed is part of the public real property records of Washington County and was recorded on May 3, 2007, and rerecorded on June 5, 2007, as instrument numbers 2007-049553 and 2007-062318, respectively.  A true and correct copy of the Bargain and Sale Deed is attached to the Shill Aff. as Ex. 2.

NOTICE OF DEFAULT AND ELECTION TO SELL:  Oleson defaulted under the terms of the Deed of Trust.  Washington Mutual appointed Shapiro& Sutherland LLC as the successor and foreclosing trustee (the "Trustee").  The Trustee commenced foreclosure.  The Notice of Default and Election to Sell (the "NODES") was recorded in the real property records of Washington County on October 23, 2007 as instrument number 2007-112533.  The foreclosure culminated in the sale of the Property.  The Trustee issued its Trustee's Deed to Washington Mutual.  The Trustee's Deed is part of the public real property record of Washington County and was recorded on March 6, 2008 as instrument number 2008-19889.  True and correct copies of the NODES and Trustee's Deed are attached to the Shill Aff. as Ex(s). 3 and 4.

FED ACTION:  On or about April 3, 2008, Washington Mutual, by and through its attorneys of record, Routh Crabtree Olsen, P.C. and Teresa M. Shill (hereinafter referred to collectively as "RCO") filed its Complaint for Commercial Eviction, Tenancy not Covered by ORS Chapter 90 in the Washington County Circuit Court Case No. C08108EV (the "FED Action") naming Corinna Oleson and Occupants of the Property as defendants.  A true and correct copy of the FED Action Complaint is attached to the Shill Aff. as Ex. 4.

The FED Action first appearance was scheduled for May 5, 2008, before the Honorable

Nancy E. Hochman ("Hochman"). A true copy of the Summons and Complaint were posted to the main entrance of the dwelling on the Property on April 7, 2008 at 3:20 PM. Hochman has been named as a defendant herein.

CIVIL ACTION: At the May 5th FED Action first appearance, RCO, counsel for Washington Mutual, and defendant Oleson appeared. Oleson demanded a trial by jury, and on or about that same day she filed her answer to the FED Action in the name of Corinna- Bridgett as third party intervener (the FED Answer"), and filed a companion civil complaint entitled Petition in Nature of Complaint to Vacate Void Non-judicial Foreclosure Sale for Fraud; for Declaratory and Other Injunctive Relief, Washington County Circuit Court Case No. C082734CV on behalf of herself by the title, Corinna-Bridgett [Family: Oleson] and on behalf of Salal Park, Inc. (the "Civil Action"), against the defendants: Washington Mutual, Kerry K. Killinger, Shapiro & Sutherland, LLC, Kelly D. Sutherland, Routh Crabtree Olsen, P.C. and Teresa M. Shill. The defendants Washington Mutual, Kerry K. Killinger, RCO and Shill are herein after referred to as the "Civil Action Defendants." True and correct copies of the FED Answer and Civil Action Complaint are attached to the Shill Aff. as Ex(s). 6 and 7.

FED JUDGMENT AND REMOVAL ACTION: Washington Mutual filed its Motion for Summary Judgment in the FED Action. Judgment was granted to Washington Mutual. True and correct copy of the FED Action General Judgment and the court's docket for the FED Action are hereto attached to the Shill Aff. as Ex(s). 8 and 9. Oleson then removed to the FED Action to Federal District Court, Case No. 08-813-PK. A true and correct copy of the district court's docket for the removal the FED Action is attached to the Shill Aff. as Ex. 10. Washington Mutual filed its Objection and Motion to Remand, and after further pleading, the court remanded

the FED Action back to Washington County Circuit Court. A true copy of the final order and docket to the Federal District Court Case No. 08-813-PK is attached to the Shill Aff. as Ex. 11.

In the Civil Action, Oleson, as co-plaintiff entitled Corinna-Bridgett [Family: Oleson], purported to represent co-plaintiff, Salal Park, Inc., as its "Authorized Representative". Oleson is not an attorney licensed to appear in, and practice law before this court, or an Oregon circuit court, as she is not a member in good standing of the Oregon State Bar Association.

Based upon the Complaint filed in the Civil Action, Oleson claimed no ownership interest in the Property. According to the Civil Action Complaint, at Page 5, Lines 4-12, plaintiff Salal Park, Inc. was the sole owner of the Property (*See* Civil Action Complaint, Shill Aff., Ex. 7, and Bargain and Sale Deed, Shill Aff., Ex. 2).

JUDGMENT OF DISMISSAL IN CIVIL ACTION: In the Civil Action, the Civil Action Defendants filed their Motions to Dismiss Plaintiffs' Complaint pursuant to ORCP 21(4), (6) and (8). The Civil Action Defendants prevailed on their motions and have been dismissed from the Civil Action. True and correct copies of the Order Granting Defendants Motions to Dismiss, the Limited Judgment of Dismissal, and the Civil Action docket are attached to the Shill Aff. as Ex(s).12, 13, and 14.

## II. ALAN H. FISHMAN'S MOTIONS TO DISMISS
## AND LEGAL ARGUMENT:

**STANDARD OF REVIEW:**

A motion to dismiss under FRCP 12(b)(6) is granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 US 41, 45 78S. Ct. (1957). "We accept as true all well-pleaded facts in the

complaint and construe them in the light most favorable to the nonmoving party." *Watson v. Weeks,* 36 F.3d 1152, 1157 (2006) *citing ASW v. Oregon*, 424 F.3d 970, 974 (2005) "A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted." *Supra, citing Pacheco v. United States* 220 F.3d 1126, 1129 (9th Cir. 2000). Plaintiffs' Complaint cannot survive a motion to dismiss, as it contains unsupported allegations and superfluous information unrelated to the defendants. Thus, Plaintiffs' Complaint must be dismissed under FRCP 12(b)(6).

### **MOTION 1.** THIS ACTION IS BARRED BY RES JUDICATA AND CLAIM PRECLUSION:

It is settled law that 28 U.S.C.S. § 1738 generally requires federal courts to give state court judgments the same *res judicata* effect that they would be given by another court of that state. *Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004) *citing Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984). The purpose of claim preclusion is to protect litigants from multiple and harassing lawsuits over the same claims. "The doctrine of claim preclusion, formerly known as *res judicata*, generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Lincoln Loan Co. v. City of Portland,* 340 Ore. 613; 136 P.3d 1 (2006), (*citing Rennie v. Freeway Transport*, 294 Ore. 319, 323; 656 P.2d 919 (1982)). Claim preclusion applies and bars a future action where a litigant has prosecuted an action against a party through to final judgment, binding on all the parties. The litigant is then barred on *res judicata* grounds from (1) prosecuting another action against the same party where the claim in the second action is one which is based on the same factual transaction that was at issue in the first; (2) the litigant seeks a remedy additional or alternative to the one sought earlier; and (3) the claims are

of such a nature as could have been joined in the first action." *Lincoln Loan Co.*, 136 P.3d at 618. The well settled principle of claim preclusion is that a party who has litigated a claim against another is foreclosed "from further litigation on the same claim on any ground or theory of relief that the party could have litigated in the first instance." *Bloomfield v. Weakland*, 339 Ore. 504, 511; 123 P.3d 275, 279 (1975) (*citing Dean v. Exotic Veneers, Inc.*, 271 Ore. 188, 194; 531 P.2d 266 (1975)).

The doctrine of claim preclusion also applies to a party in the second action that was in privity with a party to the first. Parties in privity are "(1) those who control an action though not a party to it; (2) those whose interests are represented by a party to the action; and (3) successors in interest to those having derivative claims." *Bloomfield v. Weakland*, 193 Or. App. 784, 793; 92 P.3d 749, 755 (2004), *citing Secor Investments, LLC v. Anderegg*, 188 Or. App. 154, 167, 71 P.3d 538 (2003 (quoting *Stevens v. Horton*, 161 Or. App. 454, 462; 984 P.2d 868 (1999).

Judgments were entered against Plaintiff Oleson on her claims pled within her Answer and Affirmative Defenses brought in the state court FED Action. Plaintiffs, Oleson and Salal Park, then brought those same, and additional claims against the RCO Defendants in the Civil Action. The Civil Action was a separate actions against the FED Plaintiff, Washington Mutual, and the RCO Defendants herein, and based upon the same factual transaction that was at issue in FED Action. Oleson also brought the claims from the Civil Action into the FED Action by incorporating those Civil Action claims by reference into her FED Answer. In the Civil Action, Plaintiffs sought remedies that were additional or alternative to the remedies sought, in the FED Action but ultimately for the same purpose, to stop the FED Action, void or overturn the foreclosure of the Property, and to quiet title of the Property to Plaintiffs. The claims brought by Plaintiffs in the Civil

Action could have been brought, and were brought in the FED Action.  Plaintiffs did so by way of incorporation of those claims within Oleson's FED Answer.  The claims brought here in this instant action have been, or could have been brought in the prior FED and/or Civil Action.

The claims herein, including the attempted injunctive relief brought by Plaintiffs, arise from the same facts and transactions in the FED and Civil Actions.  Plaintiffs plead admiralty jurisdiction in both the FED and Civil Action as well.  Oleson attempted to remove the FED Action to the federal district court.  Removal was denied and an order was issued by this court remanding the FED Action back to the state court.  The state court actions resulted in final judgments against Plaintiffs.  Mr. Fishman was the successor to the prior defendant and CEO of Washington Mutual, Kerry K. Killinger.  Thus Mr. Fishman's interest as CEO to Washington Mutual were represented in the earlier actions, and the claims brought against him herein, are based on the same transaction and events that gave rise to the prior cases.  Thus, all elements of claim preclusion have been met, and this court should dismiss Plaintiffs' Complaint herein as against Mr. Fishman, with prejudice, under the doctrine of claim preclusion and *res judicata*.

## MOTION 2.  SALAL PARK CANNOT APPEAR PRO SE OR BY AND THROUGH OLESON

Plaintiff Salal Park has appeared in this action by and through Oleson.  Only Oleson has signed the Complaint.  Oleson, neither as an individual, or as her self-styled name of Corinna-Bridgett [Family: Oleson] is an attorney licensed to practice in the State of Oregon.  Likely, she is not an attorney at all in any state.

In Oregon, the *pro se* exception to the unauthorized practice of law applies only to "an individual human being" and not corporations.  *Oregon Peaceworks Green, PAC, v. Secretary of*

*State*, 311 Or. 267 (Sup. Ct. 1991) (interpreting ORS 9.320).  Thus, a corporation must appear in a litigated matter in Oregon only through legal counsel duly licensed in Oregon.

Because Salal Park, a corporation, has not appeared in this action by and through legal counsel authorized to practice law before this Court, it lacks the capacity to prosecute this matter.  Salal Park's Complaint must be dismissed as against all parties, or it ordered to obtain counsel.

### MOTION 3.  PLAINTIFFS' ACTION FAILS UNDER FRCP 3

Pursuant to FRCP 3, a civil action is commenced by filing a complaint.  A complaint is a pleading allowed under FRCP 7, and under FRCP 8 the claims for relief therein must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The allegations within Plaintiffs' Complaint, as directed by FRCP 8(d), must in general be simple, concise, and direct.  No technical form is required.  Plaintiff's Complaint fails in all aspects of these rules.  First, Plaintiffs' Complaint is not a complaint at all as required by FRCP 3.  It is a "Counterclaim and Injunction."  Plaintiff alleges that the Defendants, including Mr. Fishman, have been making false claims and recording counterfeited securities in a public repository (Compl. P. 2, Lines 2-4).  Plaintiffs allege that "through this Counterclaim and Lawful Notice" the Defendants action are within the "original exclusive cognizance" of this court (Compl. P. 2, Lines 4-6).  Thereby reasserting that Plaintiffs' Complaint initiating this action is not a complaint at all, but an answer and counterclaim to a fictitious, if not wistful complaint, never filed, nor contemplated by the Defendants, including Mr. Fishman.  This is an impermissible form of pleading and should be

struck in its entirely and this case dismissed.

## MOTION 4.  COURT LACKS SUBJECT MATTER AN PERSONAL

## JURISDICTION UNDER FRCP 12(B)(1) AND (2):

This court must have personal and subject matter jurisdiction over a cause before it can rule on a case.  *Sinochem Intl. Co. Ltd. V. Malaysia Intl. Shipping Corp.*, 549 U.S. 422; 127 S. Ct. 1184 (2007).  Pursuant to 28 U.S.C.S. § 1331, district court has original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States.  Under 28 U.S.C.S. § 1332, the court has jurisdiction as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--
> (1) Citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title [28 USCS § 1603(a)], as plaintiff and citizens of a State or of different States.

Plaintiffs' Complaint fail under both §§ 1331 and 1332.  This matter arises from the Note, and Deed of Trust securing payment of the Note with the Property located in Washington County, Oregon.  Oleson defaulted under the terms of the Note and Deed of Trust.  She then conveyed the Property to co-plaintiff, Salal Park.  Foreclosure proceedings commenced, culminating in the foreclosure sale of the Property.  The Property reverted back to lender, defendant Washington Mutual.  Washington Mutual retained defendants Routh Crabtree Olsen, P.C. and Teresa M. Shill to prosecute the FED Action against Oleson when she failed to vacate the Property as directed.  A judgment of restitution was entered against Oleson and all Occupants.  Oleson attempted post judgment, to remove the FED Action to Federal Court.  The FED Action was remanded back to

state court.

This matter consists of matters under state law. The state of Oregon has laws with regards to deeds of trusts and the foreclosure of them (*See* Oregon Revised Statutes Chapter 86). The FED Action is also based in state law (*See* Oregon Revised Statutes Chapter 105). No federal question jurisdiction under 28 U.S.C.S. § 1331 exists.

No diversity jurisdiction under 28 U.S.C.S. § 1332 exists. It is unclear what amount is exactly in controversy herein as the Complaint is needlessly complicated with impermissible statements and superfluous information. Nonetheless, defendant diversity does not exist. Defendant Routh Crabtree Olsen, P.C. maintains an office, conducts business from, and has a registered agent in Oregon. The representation of defendant Washington Mutual and its previous CEO, Kerry K. Killinger, was performed from defendant Routh Crabtree Olsen's Lake Oswego, Oregon office, by its Oregon attorney, Teresa M. Shill ("Shill"). Defendant Shill is an Oregon resident, thus, no diversity jurisdiction exists. This court lacks jurisdiction under 28 U.S.C.S. § 1331 and § 1332, and this matter must be dismissed as it has been impermissibly brought in federal district court where no subject matter, or diversity jurisdiction exits.

### **MOTION 5.  NO JURISDICTION  UNDER FRCP 9(h) EXISTS:**

Plaintiffs claim that they have jurisdiction under FRCP 9(h), Admiralty, yet the "gravamen" of their claims are based upon Oregon real property laws. The subject matter of the Complaint is real property located in Oregon and appears to have no connection with any maritime activity (*See* Compl. P. 3-4, ¶ 4). Thus, admiralty jurisdiction does not exist herein and cannot be claimed by Plaintiffs.

Plaintiffs claim that Articles I, IV, V, VI, VII, and IX of the Constitution "secure Due

Process in the course of the Common Law for every American." Therefore Plaintiffs invoke the savings to suitor clause to proceed in common law within the maritime and territorial jurisdiction of the Untied States (*See* Compl. P. 5, ¶ 8).  Plaintiffs provide no legal basis for this claim of right to choose common law over the codified laws of the state or federal government.  Plaintiffs claim, and claim to choose the savings to suitor clause, where no maritime or admiralty jurisdiction exits.  Plaintiffs designation of admiralty and the choice of the savings to suitor clause is without legal basis, frivolous and these claims dismissed or struck under FRCP 12(b)(6) and 12(f).

### MOTION 6.  NO PERSONAL JURISDICTION

Defendant Alan H. Fishman ("Fishman") has not been served pursuant to FRCP 4. Fishman has not waived service pursuant to FRCP 4(d) and has not been personally served pursuant to the laws of the state of Oregon or FRCP 4(e)(1) or (2)(A), (B), or (C).  Thus, no personal jurisdiction over defendant Fishman exits, nor have Plaintiffs pled any cognizable claim against him.  Defendant Fishman should be dismissed from this action.

### MOTION 7.  ALL SUPERFLUOUS NARRATIVE AND INFORMATION SHOULD BE STRUCK PURSUANT TO FRCP 12(b)(6) AND FRCP 12(f)

Plaintiffs state much narrative and superfluous comment on self-serving history and information, none of which complies with the general rules of pleading pursuant to FRCP 8, and thus should be struck for its failure to state a claim for which relief can be granted under FRCP 12(b)(6). In addition this material should be struck pursuant to FRCP 12(f) as it is redundant, immaterial, impertinent, and much of it is scandalous.  The sections to be struck include the following sections of Plaintiffs Complaint: Pages 4-14, ¶¶(s) 5 – 22.

//

## MOTION 8.  LIBEL CLAIM NOT ACTIONABLE AND SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6):

*Willetts* v. *Scudder*, 72 Ore. 535 (144 P. 87), defines libel as "a malicious defamation made public either by printing, painting, writing, signs or pictures, tending to blacken the memory of one who is dead, or the reputation of one who is living and to expose him to public hatred, contempt or ridicule." *Peck v. Coos Bay Times Publishing Co.*, 122 Ore. 408, 417 (1927). *Peck* further cites from *Newell on Slander and Libel* (4 ed.), § 8:

> Libels affecting the character of private persons may be classified according to their objects: (1) libels which impute to a person the commission of a crime; (2) libels which have a tendency to injure him in his office, profession, calling or trade; (3) libels which hold him up to scorn and ridicule, and to feelings of contempt or execration, impair him in the enjoyment of general society, and injure those imperfect rights of friendly intercourse and mutual benevolence which man has with respect to man.

Whether there is liable per se is a matter of law for the court to determine. *Supra, citing Woolley v. Plaindealer Publishing Co.*, 47 Ore. 619; *State v. Conklin,* 47 Ore. 509.  The court must look to (1) "the general purport and intent of the article published and not to isolated sentences." *Peck,* 122 Ore. 408, 418.  The words are to be given their ordinary acceptable meaning.  The test is: What sense will be given to them by a reader of ordinary intelligence and will the natural consequence be to inure the person whom they have been published about? *Id.*  Will the words result in public hatred, contempt or ridicule.  Are the works plain and unambiguous?  Are they unambiguous susceptible to one meaning?  The court must determine this on the face of the writing without reference to innuendo to determine if they are actionable per se.  The general rule in the state of Oregon is that the truth is an affirmative defense to libel, and as such must be plead and proved. *Admas v. State Farm Mut. Auto. Ins. Co,* 283 Ore. 45, 581 P.2d 507 (1977).

Plaintiffs make no specific allegation of libel within the Complaint, thus the elements have not been met and the "test" cannot be applied.  Rather Plaintiffs allege that the defendants, including Mr. Fishman "with malice aforethought and willful misconduct" failed to comply with the mandates of FRCP 4, the supplemental rule for admiralty, and the saving to suitors clause (*See* Compl. P 14, ¶ 23).  Yet Plaintiffs provide no facts as to how these violations occurred, when, nor in what context.  Plaintiffs continue making unintelligible accusations without basis in fact for several pages, including allegation that "unknown and unspecified" violations  violate the United States Constitution and constitute "High Crimes and Misdemeanors" which are "predicate acts of R.I.C.O.  Plaintiffs allege that the orders, judgment, and notices of restitution entered or otherwise issued within the FED Action are "uttered under color of law and color of office are immoral and criminal" (*See* Plaintiffs Compl. P. 15, ¶ 25).  Plaintiffs further allege that there orders, judgments, notices of restitution and denial of her motions to vacate have "caused commercial [h]arm to Corinna-Bridgett and Salal Park, Inc. through attempted theft of their private Property…and rights to said Property, estate, trust, her good reputation, and her ability to transfer, sale and freely use same, therefore this has caused the live Plaintiff / Libelant to be put into the position of involuntary servitude."  Plaintiffs Compl. P. 16, Lines 4-8.

All of these allegations made by Plaintiffs lack specificity of what specific words were published by Mr. Fishman, in what sense were they used, and how they were understood by the public.  Nor do Plaintiffs allege how their reputation has been damaged.  No cause of action for libel, nor special damages have been plead.  Pursuant to ORS 31.210(b), Plaintiffs must prove by a preponderance of the evidence that the Mr. Fishman actually intended to defame the Plaintiffs.

The allegations made and complained of arise following a foreclosure action on the

Property subject to the FED Action, and the orders, judgments and notices of restitution issued in that FED Action. This was a legal proceeding, and as such, any resulting order, judgment, or notice communicates a legal determination, an act, or act to be taken. The words therein contained are not "about" Plaintiffs, nor used or intended to maliciously injure Plaintiffs by imputing the commission of a crime; to injure them in their office, profession, calling or trade; or to hold them up to scorn, ridicule, and to feelings of contempt or execration, or impair them in the enjoyment of general society. *Peck,* 122 Ore. 408.

The test in Oregon as to what sense will be given to the words by a reader of ordinary intelligence, and whether the natural and proximate consequence of those written words will injure the Plaintiffs, cannot be met. The orders, judgments, and notices of restitution are legal pleadings, representing the truth and outcome of the proceedings, and carry no malice or injurious intent. No reasonable reader could otherwise construe the meaning of the words. Thus Plaintiffs claim of libel fails and should be dismissed.

### **MOTION 9. NO CRIME OF TREASON HAS BEEN COMMITTED AND THE ALLEGATIONS SHOULD BE DISMISSED AND/OR STRUCK UNDER FRCP 12(b)(6) AND FRCP 12(f)**

Plaintiffs allege that Mr. Fishman committed some act of treason yet, no such act is specified (*See* Plaintiffs Compl. P. 17, ¶ 30). The crime of treasons is defined in 28 U.S.C 2381 as follows:

> Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $ 10,000; and shall be incapable of holding any office under the United States.

Mr. Fishman has not engaged in any such behavior, nor has criminal charge of treason been levied against him.

Plaintiffs allege that they have been denied due process and are without remedy to vacate, remove or replevin any anticipated liens, levies and seizure of property respectively. Plaintiffs rely on the Certificate(s) of Search dated September 12, 2008 and attached therein as an exhibit as proof of this alleged denial of due process, and further allege that their only recourse is for the court to review Plaintiffs' petition and make further inquiry into the acts of omission or commission by the defendants, including Mr. Fishman "considering the penalty for treason and seditious conspiracy" (*See* Plaintiffs Compl. P. 17, ¶ 30). Plaintiffs claim is outrageous and should be struck and/or denied.

No treason or seditious conspiracy exists. The allegations are outrageous, unsupported and sanctionable under FRCP 11. Plaintiffs allegation of lack of notice of due process evidenced by the Certificate(s) of Search is a transparent attempt to mislead the court. Of course a search for the Plaintiffs names in federal district court would not return a match. The matter that Plaintiffs complain of, and the resulting FED and Civil Actions were brought under state law in the Washington County Circuit Court. All notices, orders, and judgment were issued and served under the Oregon Rules of Civil Procedure, not the Federal Rules. Plaintiffs "red ink" refusal of all mail delivered to them at the Property address was of their own volition, and does not give rise to a claim of lack of procedural due process. Thus, Plaintiffs' claim of treason, seditious conspiracy and lack of or denial of due process are without legal basis, and are frivolous and should be dismissed or stuck under FRCP 12(b)(6) and FRCP 12(f).

## MOTION 10.   PLAINTIFFS CANNOT DICTATE DEFENDANTS' ANSWER AND THIS SECTION DISMISSED OR STUCK UNDER FRCP 12(b)(6) OR FRCP 12(f)

Plaintiffs cannot dictate the terms in which Mr. Fishman can answer Plaintiffs' Complaint. Defendants answer to the Complaint must comply with the Federal Rules of Civil Procedure, and not to the whims of the Plaintiffs.  Thus, Paragraphs 32-33, P(s) 18-19 of Plaintiffs' Complaint should be struck under FRCP 12(b)(6) and 12(f), as said paragraphs fail to state a claim for which relief can be granted and are immaterial and impertinent.

## MOTION 11.   PLAINTIFFS CANNOT UNILATERALLY DICTATE THE REMEDY AND THIS SECTION SHOULD BE DISMISSED OR STUCK UNDER FRCP 12(b)(6) OR FRCP 12(f)

Plaintiffs cannot stipulate with itself to determine any issue within this litigation unilaterally. It cannot stipulate unilaterally to any one remedy or outcome to this litigation.  Although the information regarding the "Banker's Holiday,"  Roosevelt, German nations, the great Depression, governmental immunity, and more, is interesting, the statements and information contained in Paragraphs 34 and 35, Pages 19-20 fail to state a claim for which relief can be granted and the paragraphs should be struck in their entirely pursuant to FRCP 12(b)(6).

## MOTION 12.   PLAINTIFFS CANNOT UNILATERALLY ISSUE AN INJUNCTION OR ARREST WARRANTS.  THESE SECTIONS SHOULD BE DISMISSED OR STUCK UNDER FRCP 12(b)(6) OR FRCP 12(f)

The balance of Plaintiffs' Complaint, P.21-33, consist of a purported injunction , judicial notice, a description of the purpose of the injunction, consequences of failing to comply with

injunction, notice of residential address, and arrest warrants.  All of this information is improperly brought within the Complaint, and fails to comply with FRCP 8 which states that a claim for relief must be a short and plain statement of the claim showing that the pleader is entitled to relief.

If Plaintiffs seek an injunction, it must do so and comply with FRCP 65.  Arrest warrants may be issued under FRCP C, *In Rem* Actions, but said warrants are issued for vessels under *in rem* proceedings, where warranted, and admiralty jurisdiction exists.  Arrest warrants are not otherwise issued by plaintiffs in civil actions for defendants who are live individuals.  Plaintiffs bring these claims for injunctive relief and for arrest warrants improperly here within its Complaint, failing to comply with FRCP 65 and FRCP C.  Thus, theses sections, the balance of Plaintiffs' Complaint should be struck and dismissed for its failure to state claims for which relief can be granted under FRCP 12(b)(6) and as immaterial, impertinent and scandalous under FRCP 12(f).

WHEREFORE, Mr. Fishman prays Plaintiffs Complaint be dismissed or struck in its entirely pursuant to FRCP 12(b)(1), (2), (4), and 12(f), for its failure to comply with FRCP 3 and 9(h), and under the doctrine of *res judicata* and claim preclusion.

DATED this 30th day of December, 2008

**ROUTH CRABTREE OLSEN, P.C.**

By /s/ Teresa M. Shill
Teresa M. Shill, OSB # 031680
Attorneys Alan H. Fishman
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon  97035
(503) 977-7926; Fax (503) 977-7963
tshill@rcolegal.com