IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORINNA-BRIDGET et al.,          )
                                 )
            Plaintiffs,          )
                                 )    No.  CV-08-1072-HU
      v.                         )
                                 )
WASHINGTON MUTUAL BANK et al.,)       FINDINGS AND RECOMMENDATION
                                 )
            Defendants.          )
_____)

Corinna Bridget Oleson
7410 SW Oleson Rd., # 204
Portland, Oregon 97223
Pro se

Teresa M. Shill
Routh Crabtree Olsen, PC
11830 S.W. Kerr Parkway
Suite 385
Lake Oswego, Oregon 97035
    Attorney for defendants FDIC, Routh Crabtree Olsen, P.C., and
    Alan H. Fishman

Elizabeth C. Brodeen
James S. Smith
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
    Attorneys for defendants Nancy Hochman, Thomas Kohl

Christopher A. Gilmore
Office of Washington County Counsel
340 Public Services Bldg., MS 24
155 N. First Avenue
Hillsboro, Oregon 97124
    Attorney for defendant Rob Gordon

FINDINGS AND RECOMMENDATION Page 1

HUBEL, Magistrate Judge:

This is an action against attorneys and judges involved in plaintiff Corinna-Bridget Oleson's mortgage foreclosure. Plaintiff brought this action under court's admiralty jurisdiction, moving pursuant to Rule C of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, for arrest warrants *in personam* against the defendants. Defendants move to dismiss the action for lack of personal and subject matter jurisdiction and failure to state a claim.

The complaint is captioned "Libel in Review," "Counterclaim and Injunction in Admiralty." Attached to the complaint are documents from an action brought by Washington Mutual Bank (now Chase Bank) in the Circuit Court for Washington County, Oregon, Case No. CO8-1086EV, relating to the Forcible Entry and Detainer action filed by the defendants against Corinna Oleson and all other occupants of 18675 S.W. Kinnaman Road, Aloha, Oregon. The court granted a motion for summary judgment and entered a judgment against Ms. Oleson.

The complaint challenges the judicial qualifications of Circuit Court Judge Nancy Hochman, the judge who issued the judgment in the mortage foreclosure case, and alleges that defendants denied Ms. Oleson due process and committed some act of treason.

///

Defendants move to dismiss the complaint on several grounds, including lack of subject matter jurisdiction and personal jurisdiction, and claim preclusion (doc. ## 8, 14, 21, 39) Plaintiff moves for arrest warrants pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (doc. # 17).

At a status conference on April 9, 2009, the court advised Ms. Oleson that plaintiff Salal Park, Inc. could not appear without counsel, and ordered that any further support for plaintiffs' motion for issuance of arrest warrants be filed through counsel by May 26, 2009. The court further ordered plaintiff to respond to defendants' motions by April 23, 2009, advising the parties that the motions would be taken under advisement as of May 14, 2009. (Doc. # 47)

Plaintiff has filed no response to defendants' motions to dismiss. Nor has an attorney made an appearance on behalf of Salal Park, Inc.

I recommend that the action be dismissed for lack of subject matter jurisdiction, because although styled a "libel in review" and a "counterclaim and injunction in admiralty," the substance of the complaint relates to the eviction proceedings in the Washington County Circuit Court for premises located in Washington County, Oregon.

///

FINDINGS AND RECOMMENDATION Page 3

### Standard

Federal courts are courts of limited jurisdiction, whose power to adjudicate claims is limited to that granted by Congress. Unless a grant of jurisdiction over a particular case affirmatively appears, the court is presumed to lack jurisdiction. See, e.g., <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 376-78 (1994); <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986)("federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"). Subject matter jurisdiction is a threshold issue, in the absence of which the court cannot proceed to hear other issues. <u>Blackburn v. United States</u>, 100 F.3d 1426 (9th Cir. 1996).

### Discussion

Although the jurisdictional allegation in the complaint designates this action as an "admiralty/maritime cause of action within the meaning of this Admiralty Court's" jurisdiction, it is apparent from the face of the complaint that no admiralty jurisdiction exists or could exist under any conceivable allegations. The admiralty jurisdiction of the federal courts is governed by 28 U.S.C. § 1333, which provides:

> [T]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: 1) any civil case of admiralty or maritime jurisdiction ... [and] 2) any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

FINDINGS AND RECOMMENDATION Page 4

Admiralty claims as such do not arise under the laws of the United States within the meaning of 28 U.S.C. § 1331, and therefore are not federal question cases. Romero v. Int'l Terminal Operating Co., 358 U.S. 354 (1959).

In determining the boundaries of admiralty jurisdiction, the court looks to the purpose of the Congressional grant. Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 608 (1991). The fundamental interest giving rise to maritime jurisdiction is the protection of maritime commerce. Id., quoting Sisson v. Ruby, 497 U.S. 358, 367 (1990) and Foremost Ins. Co. v. Richardson, 457 U.S. 668, 674 (1982). The court can find no allegations of a maritime nature on the face of the complaint. I conclude, therefore, that admiralty jurisdiction does not exist over this case.

Nor does the complaint contain allegations supporting federal question jurisdiction. For a complaint to state a claim arising under federal law, it must be clear from the face of the complaint that there is a federal question involved in the case. Duncan v. Stuetzel, 76 F.3d 1480, 1485 (9th Cir. 1996).

Although the complaint contains references to due process, mere references to the Constitution or federal statutes in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim. Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997)(per curiam). I conclude that federal question

jurisdiction does not exist over this case, either under the literal language of the complaint or under a properly pleaded complaint. Id.

## Conclusion

I recommend that the motions to dismiss filed by defendants (doc. ## 8, 14, 21, and 39) be GRANTED on the ground that the court lacks subject matter jurisdiction. I recommend that plaintiff's motion for arrest warrants under the Admiralty Rules (doc. # 17) be DENIED.

## Scheduling Order

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 21, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due September 4, 2009. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of August, 2009.

      /s/Dennis James Hubel

      Dennis James Hubel
      United States Magistrate Judge